LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE PLAINTIFF'S MOTION TO REMAND [12]

**I.     INTRODUCTION**

Pending before the Court is Plaintiff Mario Perez's ("Plaintiff") Motion to Remand. (Dkt. No. 12 (hereinafter, "Mot.").) After considering the papers filed in support and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion.

**II.    BACKGROUND**

   **A.    Factual Background**

Plaintiff is a California resident who was hired by Defendant Hermetic Seal Corporation ("Defendant") in July 1998 to work as a machine operator. (*See* Dkt. No. 1-1 (hereinafter, "Compl.") ¶¶ 2, 15.) Defendant is a Delaware corporation with its headquarters located in Berwyn, Pennsylvania and with officers located in Cincinnati, Ohio. (Dkt. No. 1 (hereinafter, "Removal") ¶ 14.)

On or about January 8, 2015, Plaintiff suffered a family tragedy, causing him to suffer a "temporary mental disability" caused by depression. (Compl. ¶ 16.) Plaintiff informed his supervisor of his temporary disability and requested a short leave of absence to recover, which was granted. (Compl. ¶ 17.) Plaintiff then requested an extension of his leave of absence because, according to Plaintiff, he had not sufficiently recovered to

Case 2:16-cv-05211-BRO-FFM Document 17 Filed 09/27/16 Page 2 of 8 Page ID #:256

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

be able to return to work. (Compl. ¶ 18.) While still on leave, Defendant's Human Resources Department informed Plaintiff that he had been terminated. (*Id.*)

Plaintiff alleges that Defendant discriminated against him due to his mental disability. (Compl. ¶¶ 19, 22.) On June 3, 2016, Plaintiff brought this action in the Superior Court of California, County of Los Angeles. (*See* Compl.) Plaintiff's Complaint alleges seven causes of action: (1) discrimination in violation of California Government Code § 12940 (California's Fair Employment and Housing Act, or "FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in the good faith interactive process in violation of FEHA; (6) wrongful termination in violation of public policy; and, (7) declaratory judgment. (*See id.*)

On July 14, 2016, Defendant removed the action to this Court on the basis of diversity jurisdiction. (*See* Removal.) Plaintiff filed the instant Motion on August 12, 2016. (*See* Mot.) On September 12, 2016, Defendant timely filed its Opposition. (*See* Dkt. No. 15 (hereinafter, "Opp'n").) On September 19, 2016, Plaintiff timely replied. (*See* Dkt. No. 16 (hereinafter, "Reply").)

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to federal court only if the action could have been brought there originally. This means that removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. The Ninth Circuit "strictly construe[s] the removal statute against removal

Case 2:16-cv-05211-BRO-FFM Document 17 Filed 09/27/16 Page 3 of 8 Page ID #:257

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If a district court finds, at any time, that it lacks original jurisdiction, the court must remand the action. *See* 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on the diversity of the parties, all plaintiffs must be from different states than all of the defendants and the amount in controversy must exceed $75,000. *See* Fed. R. Civ. P. § 1332. Plaintiff contends that removal was improper in this case because Defendant has failed to establish the amount in controversy requirement. (*See* Mot.) Specifically, Plaintiff argues that (1) Plaintiff made a typographical error in his Complaint which overstated his damages sought, and, (2) it is unlikely that Plaintiff's damages will exceed $75,000. (*Id.*) For the following reasons, the Court finds Plaintiff's arguments unavailing and **DENIES** his Motion.

### A. The Appropriate Burden for Determining Whether the Amount in Controversy Requirement is Met

In his state court Complaint, Plaintiff alleges that he is seeking damages in an amount "no less than $250,000." (*See* Compl. at 17.) "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296 (1938) ("On the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court and a reduction of the amount claimed after removal, did not take away that privilege.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

Plaintiff argues that his counsel inadvertently included the $250,000 demand in Plaintiff's Complaint when, in fact, he intended to seek damages "no less than $25,000." (Mot. at 7; Declaration of Carlos A. Perez ¶ 3.)[1] However, the Court finds that, even assuming Plaintiff's explanation is true, such a mistake does not overcome the presumption that the amount in controversy jurisdictional minimum is met. The Supreme Court has held that "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove." *St. Paul Mercury*, 303 U.S. at 291. Further, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id.* at 292. Therefore, the Court finds that Plaintiff's counsel cannot now, by claiming that he made a typographical mistake when filing Plaintiff's Complaint, avoid the ramifications of filing the Complaint inclusive of the alleged mistakes. Accordingly, the Court finds that, based on the allegations included in Plaintiff's Complaint, the amount in controversy requirement is presumptively satisfied unless it appears to a legal certainty that Plaintiff's damages do not exceed $75,000.[2] *See Guglielmino*, 506 F.3d at 699.

### B. Plaintiff's Requested Damages

In Plaintiff's Complaint, he seeks "compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits," "general

---

[1] The court may properly consider evidence outside of the four corners of the Complaint, such as Plaintiff's counsel's declaration, when deciding whether the amount in controversy requirement is satisfied. *See Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015) ("To determine whether the removing party has met its burden of showing that the amount in controversy requirement is satisfied, the court can consider the contents of the notice of removal and 'summary-judgment-type evidence' relevant to the amount in controversy at the time of removal." (citation omitted)).

[2] Moreover, even if the Court accepted Plaintiff's argument and found that Plaintiff's claim for damages was not made in good faith, the Court finds that remand would still be unnecessary. In cases where the complaint does not clearly indicate the amount of damages sought, it is the removing party's burden to establish by a preponderance of the evidence that it is more likely than not that that the requested damages are over the jurisdictional minimum. *See Guglielmino*, 506 F.3d at 699 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). For the reasons explained below, the Court finds that Defendant has established it is more likely than not that Plaintiff's damages could exceed $75,000, and thus the amount in controversy requirement is met, regardless.

Case 2:16-cv-05211-BRO-FFM Document 17 Filed 09/27/16 Page 5 of 8 Page ID #:259

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

damages for mental pain and anguish and emotional distress and loss of earning capacity," punitive damages, and attorneys' fees. (*See* Compl. at 17–18.)

First, Plaintiff argues that he has successfully mitigated his damages, such that his economic losses at the time of removal were $20,752.05, consisting of $12,464.40 in lost wages, $1,537.65 in lost 401k retirement benefits, and $6,750 in health care and life insurance benefits. (Mot. at 8.) Defendant argues that the correct amount of compensatory damages at the time of removal was $46,883.03, because Plaintiff is not entitled to discount the amount of damages he was able to mitigate. (*See* Opp'n at 6–7.) However, whether the amount of compensatory damages is $20,752.05 or $46,883.03 does not change the outcome. Therefore, the Court uses Plaintiff's lower estimate of $20,752.05.

Next, Plaintiff seeks emotional distress damages. "Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Defendant provides several jury verdict summaries in its Notice of Removal.[3] (*See* Dkt. No. 1-3.) One of the verdicts provided comes from *Salinda v. DIRECTV Inc.*, BC475999, a

---

[3] Plaintiff objects to the jury verdicts, claiming that Defendant has failed to properly authenticate them. (*See* Mot. at 9 n.6; *see also* Dkt. No. 13.) In addition, Plaintiff objects to the jury verdicts on relevance and hearsay grounds. (*See* Dkt. No. 13.) In response, Defendant requests that the Court take judicial notice of the verdict summaries. (*See* Opp'n at 8 n.2.) Under Federal Rule of Evidence 201, a court may take judicial notice of facts that are "not subject to reasonable dispute" because it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination" by verifying the information with "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts have previously taken judicial notice of jury verdicts, explaining that "the accuracy of the jury verdicts as public records of prior proceedings can be determined by readily available resources whose accuracy cannot reasonably be questioned." *Vasquez v. Arvato Digital Servs., LLC*, No. CV 11-02836 RSWL (AJWx), 2011 WL 2560261, at *2 (C.D. Cal. June 27, 2011) (citing *Phillips v. Bank of Am. Corp.*, No. 10-CV-04561-LHK, 2011 WL 132861, at *3 (N.D. Cal. Jan. 14, 2011)); *see also Seungtae Kim v. BMW Fin'l Servs. NA, LLC*, 142 F. Supp. 3d 935, 941 (C.D. Cal. 2015) (taking judicial notice of jury verdict forms from other cases because they were publicly filed documents). Accordingly, the Court takes judicial notice of these verdict forms, and **OVERRULES** Plaintiff's objections.

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

disability discrimination case in which the jury awarded the plaintiff $159,112 for past economic damages and $400,000 for past noneconomic damages (i.e., emotional distress damages), as well as additional amounts for future damages, resulting in a total award of $1,178,341.[4] (Dkt. No. 1-3 at 6–8.) This is evidence that a noneconomic damages award (i.e., emotional distress damages) may be significant and well above the additional $55,000 required to meet the jurisdictional minimum.

Further, Plaintiff seeks an unspecified amount of punitive damages. (*See* Compl. at 18.) "'It is well established that punitive damages are part of the amount in controversy' for purposes of establishing diversity jurisdiction."[5] *Sasso*, 2015 WL 898468, at *6 (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)). Defendant provides jury verdicts in other employment discrimination and wrongful termination cases which show punitive damage awards of at least $100,000. (*See* Dkt. No. 1-3 at 4–6 (race discrimination case in which jury awarded $100,000 in punitive damages), 12–15 (wrongful termination case in which jury awarded $100,000 in punitive damages).) Though, as Plaintiff notes, the facts in these cases are not identical to the instant case, (*see* Mot. at 10–11), the Court finds these cases instructive, *see Simmons*, 209 F. Supp. 2d at 1033 ("The fact that the cited cases involve distinguishable facts is not dispositive."). "Notwithstanding these [factual] differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.*; *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRS, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and

---

[4] Plaintiff argues that *Salinda* is inapposite because the amount of economic damages in this case is less than $159,112. (Mot. at 10.) The Court finds that the difference in damages sought is not so significant as to preclude a finding that the cases are analogous. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012) ("While settlements and jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue."). Both cases are disability discrimination claims that sought damages for wrongful termination, failure to prevent discrimination, and failure to participate in the interactive process. (*Compare* Compl. *with* Dkt. No. 1-3 at 6–8.) Accordingly, the Court finds *Salinda* instructive as to the potential amount of emotional distress damages.

[5] Plaintiff's claims arise under California's FEHA, which allows for an award of punitive damages. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("Punitive damages are available under FEHA."). Accordingly, the consideration of punitive damages in determining the amount in controversy is appropriate.

Case 2:16-cv-05211-BRO-FFM Document 17 Filed 09/27/16 Page 7 of 8 Page ID #:261

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Therefore, it appears likely that an award of punitive damages could exceed the additional $55,000 necessary to meet the jurisdictional minimum.

And finally, Plaintiff seeks attorneys' fees.[6] (Compl. at 18.) However, there has been disagreement amongst courts as to whether the amount of attorneys' fees considered should be only those incurred at the time of removal, *see Fortescue v. Ecolab Inc.*, No. CV 14-0253 FMO (RZx), 2014 WL 296755, at *3 (C.D. Cal. Jan. 28, 2014), or whether the amount should include a forecast for the reasonable attorneys' fees incurred through trial, *see Simmons*, 209 F. Supp. 2d at 1034–35. Regardless, Plaintiff's counsel has clearly incurred *some* amount of fees, even at the time the action was removed. Thus, after aggregating Plaintiff's economic damages totaling approximately $20,000, his noneconomic damages (which may result in award as high as $400,000 per *Salinda*), his requested punitive damages (with a potential award of approximately $100,000), and attorneys' fees, the Court finds that Plaintiff's damages will likely exceed $75,000.[7] *See Simmons*, 209 F. Supp. 2d at 1035 ("While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied.").

Accordingly, the Court finds that the amount in controversy requirement is met and the Court properly has subject matter jurisdiction over Plaintiff's action.[8]

---

[6] "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Simmons*, 209 F. Supp. 2d at 1034.

[7] The Court finds that this is true, regardless of the burden applied. First, it has not been proven to a "legal certainty," that Plaintiff is incapable of meeting the $75,000 jurisdictional minimum, *see Guglielmino*, 506 F.3d at 699, and second, regardless, Defendant has proven that it is more likely than not that Plaintiff's damages will exceed $75,000, *see id.*

[8] Defendant further claims that Rule 11 sanctions are appropriate in this case, because Plaintiff's counsel failed to meet and confer regarding his contention that the amount sought in Plaintiff's Complaint was a typographical error. (*See* Opp'n at 15–16.) However, Rule 11 requires that a "motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Thus, Defendant's inclusion of its request for sanctions in its Opposition is inappropriate. *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) ("When Rule 11 sanctions are initiated by motion of a party, that motion must be

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-05211-BRO (FFMx) | Date | September 27, 2016 |
|---|---|---|---|
| Title | MARIO PEREZ V. HERMETIC SEAL CORPORATION ET AL. | | |

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Defendants properly removed this matter pursuant to 28 U.S.C. § 1332. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand. The hearing set for October 3, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**                                                                 :

Initials of Preparer        rf

---

separate 'from other motions or requests' and must 'describe the specific conduct alleged to violate' Rule 11(b)." (citation omitted)). Accordingly, the Court **DENIES** Defendant's request for sanctions.